IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| Phillip L. Thomas, et al. | Case No. 3:17-cv-00536 |
| Plaintiffs, | Judge James G. Carr |
| v. | **ANSWER OF DEFENDANT EDWARD F. POSLUSZNY, DDS TO PLAINTIFFS' COMPLAINT WITH JURY DEMAND ENDORSED HEREON** |
| Edward F. Posluszny, DDS | |
| Defendant. | |
| | Paul R. Bonfiglio (0041484)<br>Attorney for Defendant<br>Edward F. Posluszny, DDS<br>300 Madison Avenue, Suite 1406<br>Toledo, OH 43604<br>Telephone: (419) 242-3900<br>Fax: (419) 242-6446<br>paul_bonfiglio@staffdefense.com |

Defendant Edward F. Posluszny, DDS, by and through counsel, states as follows for his answer to Plaintiffs' Complaint:

FIRST CLAIM

1. Admits that the defendant is a citizen of the State of Ohio as alleged in paragraph 1 of Plaintiffs' Complaint but denies for want of knowledge the remaining allegations contained in that paragraph.

2. Admits that plaintiff had been under his care and treatment for dental needs for a number of years up through and including the year 2015 and denies for want of knowledge the remaining allegations contained therein.

1

3. Denies that defendant was negligent or that his conduct in any way caused or contributed to cause injuries and or damages to the plaintiff as alleged in paragraph 3 of Plaintiffs' Complaint and denies for want of knowledge the remaining allegations contained therein.

4. Denies that defendant was negligent or that his conduct in any way caused or contributed to cause the injuries and or damages to the plaintiff as alleged in paragraph 4 of Plaintiffs' Complaint and denies for want of knowledge the remaining allegations contained therein.

5. Denies all allegations not specifically admitted above.

6. Denies that plaintiffs are entitled to recover the amount of their prayer or to any relief whatsoever from this defendant.

## FIRST DEFENSE

7. Plaintiffs' Complaint fails to state a claim or cause of action upon which relief can be granted.

## SECOND DEFENSE

8. Plaintiffs have failed to mitigate their damages, if any.

## THIRD DEFENSE

9. Plaintiffs are not the real parties in interest and/or lack standing respecting some or all of their claimed damages.

## FOURTH DEFENSE

10. Any collateral benefits received by Plaintiffs in this matter do not extend to amounts written off from charges by treatment providers so that only actual payments accepted as full payments as opposed to billed charges, are at issue.

## FIFTH DEFENSE

11. If Plaintiffs sustained any injury and/or damage as alleged in the complaint such injury and damage was caused, in whole or in part, by the acts or omissions of another or others for whose conduct defendant is not responsible.

## SIXTH DEFENSE

12. Plaintiffs' claims are precluded, or their recovery is reduced, by the doctrines of comparative negligence and or assumption of risk under Ohio law.

## SEVENTH DEFENSE

13. Defendant reserves the right to add additional affirmative defenses as discovery proceeds.

## EIGHTH DEFENSE

14. Plaintiffs have failed to join all real, necessary and or indispensable parties.

## NINTH DEFENSE

15. Plaintiffs' claims and or damages were caused in whole or in part by independent, intervening, or superseding actions of others and or causes for which the defendant is not liable or responsible.

## TENTH DEFENSE

16. Defendant raises all defenses under Senate Bill 120, including, but not limited to the provisions of Rev. Code 2307.22 et seq. and the affirmative defense that entities and persons from whom Plaintiff does not seek recovery may be responsible for all or part of plaintiffs' claimed injuries and/or damages.

## ELEVENTH DEFENSE

17. Plaintiffs' claims are barred or precluded in whole or in part by the applicable statute of limitations.

## TWELFTH DEFENSE

18. Plaintiffs' claims are barred because plaintiffs' injuries and damages, if any, were caused by the sole negligence of the plaintiff in failing to properly caring for his teeth, gums and dental health.

## THIRTEENTH DEFENSE

19. Plaintiffs' claims are barred because there is no causal connection between the claimed negligent acts and the injuries allegedly sustained.

## FOURTEENTH DEFENSE

20. Plaintiffs' damages, if any, were the direct result of his pre-existing dental conditions and or occurred by operation of nature or as a result of circumstances over which defendant had no control.

## FIFTEENTH DEFENSE

21. Plaintiffs' claims are barred because Defendant Edward F. Posluszny, DDS met the proper standard of care recognized by the dental community.

## SIXTEENTH DEFENSE

22. Plaintiffs have failed to supplement their complaint with an appropriate expert opinion.

WHEREFORE, Defendant Edward F. Posluszny, DDS requests that Plaintiffs' Complaint be dismissed at Plaintiffs' costs.

        Respectfully submitted,

        /s/ Paul R. Bonfiglio
        Paul R. Bonfiglio
        Attorney for Defendant
        Edward F. Posluszny, DDS

## JURY DEMAND

Defendant in the foregoing action demands a trial by jury.

        /s/ Paul R. Bonfiglio
        Paul R. Bonfiglio

## CERTIFICATION

This is to certify that a copy of the foregoing Answer of Defendant to Plaintiffs' Complaint was sent by electronic delivery this 17th day of April, 2017, Alan L. Mollenkamp, Esq. and Arthur C. Ingram, Esq. 411 N. Michigan, Suite 300, Toledo, Ohio 43604.

        Respectfully submitted,

        /s/ Paul R. Bonfiglio
        Paul R. Bonfiglio